UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| TYRESE LINDSAY,<br><br>PLAINTIFF,<br><br>V.<br><br>DEPARTMENT OF VETERAN AFFAIRS,<br><br>DEFENDANT. | CIVIL NO. 08-6560 (PJS/AJB)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the Court, United States Magistrate Judge Arthur J. Boylan, on the Government's Motion to Dismiss Plaintiff's Complaint [Docket No. 17]. This Court heard the Government's Motion to Dismiss Pursuant to United States District Court Judge Patrick J. Schiltz's Order of Reference. [Docket No. 23.] A hearing was held on the motion on November 19, 2009. There was no appearance by or on behalf of Plaintiff. Mary Jo Madigan and Jason Rudie appeared on behalf of the Government.

**I. BACKGROUND**

On December 31, 2008, Plaintiff Tyrese Lindsey filed a Complaint naming the "Veterans Affairs Medical Center" as Defendant in this action. [Docket No. 1.] In conjunction with the filing of the Complaint, Plaintiff filed a motion to proceed in forma pauperis. [Docket No. 2.] This Court issued an Order denying Plaintiff's motion and ordering Plaintiff to file an amended complaint that includes sufficient factual allegations to state an actionable claim for relief.

[Docket No. 4.] On January 1, 2009, Plaintiff filed his Amended Complaint, naming the "Department of Veterans Affairs" as Defendant in this matter.[1] [Docket No. 5.]

On February 3, 2009, Assistant United States Attorney Mary Jo Madigan filed a notice of appearance on behalf of the Department of Veterans Affairs (Department). [Docket No. 7.] On February 12, 2009, Asst. United States Attorney Madigan sent Plaintiff a letter informing Plaintiff that he cannot proceed against the federal government until he perfects service pursuant to Rule 4 of the Federal Rules of Civil Procedure. [Docket No. 8.]

Thereafter, Plaintiff served the Department on February 20, 2009.[2] [Docket No. 7.] The Government filed its Answer on April 21, 2009, and asserted improper service of process as one of its defenses. [Docket No. 10.] Subsequently, on May 13, 2009, the Government filed a Rule 26(f) Report in which it reasserted improper service of process as one of its defenses. [Docket No. 12.]

The Rule 16 pretrial conference was held on May 27, 2009. [Docket No. 15.] Following the conference, Asst. United States Attorney Madigan spoke with Plaintiff in the courtroom and informed Plaintiff that he was required to serve the Attorney General of the United States. (Decl. of Madigan, Oct. 1, 2009.) Plaintiff informed Asst. United States Attorney Madigan that he spoke with an attorney—who was not representing him—who told him that he had perfected service. (*Id.*)

---

[1] The Government disputes the caption in this case, arguing that Eric Shinseki, Secretary of Veterans Affairs, is the only proper Defendant in this matter. (Def.'s Mem. 1 n.1, Oct. 1, 2009.) This Court notes that the service requirements are the same whether or not Plaintiff is bringing an action against an agency or its officer acting in his or her official capacity, and therefore, this Court does not address the case caption for the purpose of making a recommendation on the Government's motion. *See* Fed. R. Civ. P. 4.

[2] Plaintiff filed with the Court two Returns of Service. [Docket No. 9.] By virtue of the individuals named as accepting service, the Department determined that service was made personally at the Office of the United States Attorney for the District of Minnesota and the Fort Snelling VAMC. (Def.'s Mem. 3, Oct. 1, 2009.)

Paula A. Scholz, Assistant Director for the Conference and Contract Section, Facilities and Administration Staff of the Justice Management Division (JMD) within the United States Department of Justice, oversees the processing of all summonses and complaints that are served on the Attorney General of the United States. (Decl. of Scholz, Sept. 1, 2009.) Paula A. Scholz declared that, after reviewing of JMD records, the JMD staff did not locate any summons, complaint, or amended complaint in this matter. (*Id.*)

On October 21, 2009, the Government brought its Motion to Dismiss Plaintiff's Complaint, arguing that dismissal is warranted for insufficient service of process, Fed R. Civ. P. 12(b)(5), and failure to prosecute. *Id.* at 41(b). [Docket No. 17.] There was no response filed by or on behalf of Plaintiff. A hearing was held on the motion on November 19, 2009, and there was no appearance by or on behalf of Plaintiff.

## II. DISCUSSION

To serve the United States and its agencies, corporations, officers, or employees, a party must (1) deliver or send a copy of the summons and of the complaint to "the United States attorney for the district where the action is brought," Fed. R. Civ. P. 4(i)(1)(A)(i)-(ii); (2) "send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee," *id.* at 4(i)(2); and (3) "send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C." *Id.* at 4(i)(1)(B).

Service must occur with 120 days of the filing of the complaint. *Id.* at 4(m). Where service is not timely made, the court "must dismiss the action without prejudice . . . or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* This court lacks jurisdiction over a defendant—whether or not it had actual notice of the lawsuit—where there is

insufficient service that has not been waived. *Adams v. AlliedSignal General Aviation Avionics*, 74 F.3d 882, 885-86 (8th Cir. 1996).

"If the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] . . . a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Likewise, under Fed. R. Civ. P. 12(b)(5), a party may file a motion to dismiss for insufficiency of service of process.

> Fed. R. Civ. P. 12(g) and (h) provide that objections to insufficiency of process or insufficiency of service of process are waived unless the objections are raised in the answer or by motion before the filing of a responsive pleading. The objection must be specific and must point out in what manner the plaintiff has failed to satisfy the requirements of the service provision utilized.

*Photolab Corp. v. Simplex Specialty Co.*, 806 F.2d 807, 810 (8th Cir. 1986) (citations omitted).

The Government has made a prima facie showing that service has never been made upon the Attorney General of United States as required by Rule 4 of Federal Rules of Civil Procedure. Plaintiff was placed on notice of the insufficiency of service of process four times between January 26, 2009, and May 27, 2009. The present motion was filed on October 21, 2009, and to date—over nine months since the filing of the amended complaint—Plaintiff has not: (1) cured the insufficient service; (2) filed any response or appeared to dispute the Government's motion; or (3) filed any response or appeared to argue good cause for his failure to properly serve the Attorney General of United States. *See Bullock v. United States*, 160 F.3d 441, 441 (8th Cir. 1988) (concluding that the District Court did not abuse its discretion in dismissing the complaint where "over 120 days had passed since plaintiffs filed their complaint, and the District Court had granted a twenty-day extension"); *Edwards v. Edwards*, 754 F.2d 298, 299 (8th Cir. 1985) (concluding that the District Court did not abuse its discretion in dismissing the complaint where

170 days passed between the filing of the complaint and the dismissal, and plaintiff was warned that his complaint would be dismissed if defendants were not properly served).

Thus, this Court concludes that Plaintiff has failed to properly serve the United States and its agencies, corporations, officers, or employees, and has abandoned prosecution of his case.

### III. RECOMMENDATION

Based upon the record, memoranda, and oral arguments of counsel, **IT IS HEREBY RECOMMENDED** that:

1. The Government's Motion to Dismiss Plaintiff's Complaint [Docket No. 17] be granted pursuant to Fed. R. Civ. P. 4(m) and 41(b).

2. All claims within Plaintiff's Amended Complaint [Docket No. 5] be dismissed without prejudice.

Dated: 11/23/09

s/ Arthur J. Boylan
Magistrate Judge Arthur J. Boylan
United States District Court

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before December 11, 2009.